# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHN ANTHONY TONG,

        Defendant.

Case No. CR-08-20-RAW

## ORDER

Before the court is Defendant's Motion to Dismiss the Indictment [Docket No. 25] and his Motion to Dismiss the Superseding Indictment [Docket No. 45]. The Motion to Dismiss the Indictment [Docket No. 25] is hereby DENIED as MOOT. For the reasons delineated herein, the court also DENIES the Motion to Dismiss the Superseding Indictment.

Defendant is charged in the Superseding Indictment with three counts of violating 18 U.S.C. § 2250, the Sex Offender Registration and Notification Act (hereinafter "SORNA"). Defendant argues that the Superseding Indictment should be dismissed, challenging it on the following nine grounds: (1) the sufficiency of the Superseding Indictment; (2) *Ex Post Facto* Clause and Due Process Clause violations because SORNA has not yet been implemented by Oklahoma and as such, is not applicable to him; (3) Due Process Clause violation because he was not given notice to register under SORNA; (4) SORNA violates the non-delegation doctrine; (5) the Attorney General's Interim Rule violates the Administrative Procedure Act; (6) Section 2250 violates the Commerce Clause; (7) Section 2250 violates the Ex Post Facto Clause and the Commerce Clause; (8) SORNA violates the Tenth Amendment; and (9) Counts Two and Three of the Superseding Indictment have

no venue in the Eastern District of Oklahoma.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Chisum, 502 F.3d 1237, 1244 (10th Cir. 2007). The court is not persuaded that the Superseding Indictment fails. The Superseding Indictment sets forth the elements of SORNA. It also gives Defendant fair notice of the charges against him. Count One is based on Defendant's failure to register and update his registration in Oklahoma. Count Two is based on Defendant's failure to register and update his registration when he traveled from Oklahoma to Texas. Count Three is based on Defendant's failure to register and update his registration when he traveled from Oklahoma to Georgia. Additionally, the Superseding Indictment clearly informs Defendant of the allegations against him such that he is able to assert a double jeopardy defense. Defendant's argument is overruled.

Defendant's second argument is simply inaccurate. As illustrated by the examples of instances where initial registration under SORNA would be impossible or incomplete listed in the Attorney General's Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (hereinafter "SMART") guidelines and noted by the government in its Response, Defendant's initial registration was possible and, in fact, occurred. SORNA does apply to him. Therefore, his argument fails.

Third, Defendant argues that he was not notified of his obligation to register under SORNA. Defendant was notified of his duty to register under state law. As the government notes, a defendant's awareness of his duty to register under state law has been accepted as satisfactory for Due Process Clause purposes in a majority of district courts. See United States v. Craft, 2008 WL 1882904 at *5-7 (D. Neb. April 23, 2008); United States v. Howell, 2008 WL 313200 at *8-9 (N.D.

Iowa Feb. 1, 2008). This court believes Defendant's Due Process rights have not been violated. Accordingly, the court overrules Defendant's third argument.

Defendant's fourth argument is that Congress' act of allowing the Attorney General to make SORNA retroactive violates the non-delegation doctrine. The court does not agree. "The nondelegation doctrine is rooted in the principle of separation of powers that underlies our tripartite system of Government." Howell, at *6 (citation omitted). The doctrine does not, however prohibit Congress from receiving assistance from the other branches. Id. Any assistance Congress seeks must be "fixed according to common sense and the inherent necessities of the government coordination." Id. The delegation of authority under SORNA is not so broad as to be in violation of the non-delegation doctrine. Id. at *7. See also United States v. Akers, 2008 WL 914493 at *4 (N.D. Ind. April 3, 2008). Defendant's fourth argument is also overruled.

Fifth, Defendant argues that the Attorney General's regulation retroactively applying SORNA violates the Administrative Procedure Act because it was promulgated without public notice and a comment period. The court agrees with the government that Defendant's argument is without merit, as the reasons given by the Attorney General are sufficient to establish good cause to issue the rule without public comment. See United States v. Utesch, 2008 WL 656066 *10-11 (E.D. Tenn. March 6, 2008). Defendant's fifth objection is, therefore, overruled.

Defendant's sixth argument is that SORNA violates the Commerce Clause by punishing activity that does not substantially affect interstate commerce. The court may sympathize with Defendant's argument, but the weight of the authority is not in his favor. As the government argues, Congress' authority to regulate those engaged in interstate travel is sufficient to make enactment of SORNA a constitutional exercise of its power and not in violation of the Commerce Clause. See United States v. Madera, 474, F.Supp.2d 1257, 1265 (M.D. Fla. 2007). Defendant's sixth argument

is also overruled.

Defendant's seventh argument is that the government cannot punish him for any travel activities that occurred prior to February 28, 2007. This argument is moot, as each of Counts One, Two and Three in the Superseding Indictment refer to dates after February 28, 2007.

Defendant argues next that to the extent that SORNA forces states to register sex offenders before they have an opportunity to voluntarily comply with the law, SORNA violates the Tenth Amendment. As the government notes, none of the states relevant to Defendant's case, Oklahoma, Texas or Georgia are being forced to perform any function. Defendant's eighth argument fails.

Finally, Defendant argues that Counts Two and Three of the Superseding Indictment should be dismissed for lack of venue, as they both concern jurisdictions other than the Eastern District of Oklahoma. SORNA does not include a specific venue provision; consequently, 18 U.S.C. § 3237(a) governs this issue. See United States v. Hinen, 487 F.Supp.2d 747, 759 (W.D. Va. 2007). Section 3237(a) provides in relevant part:

> [a]ny offense involving the use of the mails, transportation in interstate commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object moves.

Moreover, when a person required to register under SORNA moves from one jurisdiction to another, that person is required under SORNA to appear in person in at least one of the jurisdictions involved. See 42 U.S.C. § 16913(c). Given that Defendant left Oklahoma, where he was registered, Oklahoma is one of the jurisdictions involved, and thus suit in Oklahoma is proper. Defendant's final objection is also overruled.

Accordingly, Defendant's Motion to Dismiss the Superseding Indictment [Docket No. 45] is hereby DENIED.

It is so ORDERED this 23rd day of May, 2008.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**